FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 1 0 2023

BY_____
DEPUTY

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Eastern District of Texas |
|---|---|

| Name (under which you were convicted):<br>David Martin Luna | Docket or Case No.:<br>623CV340 JCB KNM |
|---|---|

| Place of Confinement: Texas Department of<br>Criminal Justice; Mark W. Stiles unit | Prisoner No.:<br>02153330 |
|---|---|

| Petitioner (include the name under which you were convicted)<br><br>David Martin Luna | v. | Respondent (authorized person having custody of petitioner)<br><br>Director of Texas Department<br>of Criminal Justice |
|---|---|---|

| The Attorney General of the State of: Texas | |
|---|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   238th District Court of Midland County, Texas 79701

   (b) Criminal docket or case number (if you know):  CR-48310

2. (a) Date of the judgment of conviction (if you know):  16 August 2017

   (b) Date of sentencing:  16 August 2017

3. Length of sentence:  50 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:  N/A

6. (a) What was your plea? (Check one)

   ☒ (1)  Not guilty     ☐ (3)  Nolo contendere (no contest)

   ☐ (2)  Guilty     ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  N/A

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury    ☐  Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐  Yes    ☒  No

8.    Did you appeal from the judgment of conviction?

    ☒  Yes    ☐  No

9.    If you did appeal, answer the following:

(a) Name of court:   11th Court of Appeals

(b) Docket or case number (if you know):   11-17-00232-CR

(c) Result:   Affirmed

(d) Date of result (if you know):  8 August 2019

(e) Citation to the case (if you know):   not known

(f) Grounds raised:  Insufficient evidence to support the jurys guilty verdict.

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐  No

    If yes, answer the following:

(1) Name of court:  Texas Court of Criminal Appeals

(2) Docket or case number (if you know):  PD-0904-19

(3) Result:   PDR Refused

AO 241 (Rev. 09/17)

(4) Date of result (if you know):     11 December 2019

(5) Citation to the case (if you know):     unknown

(6) Grounds raised:     Insufficient evidence to support the jurys guilty verdict.

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):     N/A

(2) Result:     N/A

(3) Date of result (if you know):     N/A

(4) Citation to the case (if you know):     N/A

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:     Texas Court of Criminal Appeals

(2) Docket or case number (if you know):     WR-53,458-02

(3) Date of filing (if you know):     30 November 2022

(4) Nature of the proceeding:     Post-Conviction Petition

(5) Grounds raised: 1)Abuse of Discretion by Trial Court     /
2)Ineffective Assistance of Appeal Counsel for failing to
present Trial Courts Abuse of Discretion on Direct Appeal.
3) Ineffective Assistance of Trial Counsel for failing to
provide any adversarial testing at sentencing.  4) Ineffe-
ctive Assistance of Appeal Counsel for failing to present
on Direct Appeal, trial counsels failure to provide any
adversarial testing at sentencing.  5) Ineffective Assist-
ance of Counsel for failure to request a competency hearing.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result:     Denied without written order.

4 of 18

XXXXXXXX

AO 241 (Rev. 09/17)

(8) Date of result (if you know):     11 January 2023

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:     N/A

(2) Docket or case number (if you know):     N/A

(3) Date of filing (if you know):     N/A

(4) Nature of the proceeding:     N/A

(5) Grounds raised:     N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result:     N/A

(8) Date of result (if you know):     N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:     N/A

(2) Docket or case number (if you know):     N/A

(3) Date of filing (if you know):     N/A

(4) Nature of the proceeding:     N/A

(5) Grounds raised:     N/A

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☒ No

(7) Result:    N/A

(8) Date of result (if you know):    N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☒ Yes    ☐ No

    (2) Second petition:    ☐ Yes    ☒ No

    (3) Third petition:    ☐ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

    only first petition allowed.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Abuse of Discretion - Trial Court violated the Confrontational clause of the 6th/14th amendments of the U.S. Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Judge would not allow defense to present evidence of the childs habit of falsely accusing the defendant of sexual misconduct. The childs mother, which was being questioned, had knowledge of prior accusations that turned out to be false and deemed false by CPS. The trial judge deemed the questioning not relevant and told defense counsel to move on.

(b) If you did not exhaust your state remedies on Ground One, explain why:    N/A

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes    x☐xxNo

(2) If you did not raise this issue in your direct appeal, explain why:  Appeal Counsel failed to present this issue.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Petition for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:  238th District Court of Midland County, Texas 79701

Docket or case number (if you know):  WR-53,458-02

Date of the court's decision:  11 January 2023

Result (attach a copy of the court's opinion or order, if available):  denied without written order

(3) Did you receive a hearing on your motion or petition?                                ☐ Yes    x☐ No

(4) Did you appeal from the denial of your motion or petition?                        ☐ Yes    x☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    x☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):  N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
No appeal allowed on post-conviction habeas corpus in Texas.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:     N/A

**GROUND TWO:**   Ineffective Assistance of Counsel - Appeal counsel viola-
ted the effective counsel clause in the 6th/14th amendment of the Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appeal counsel failed to present, trial courts abuse of discretion
from ground one, on direct appeal. (Which was properly preserved by
trial counsel.)

(b) If you did not exhaust your state remedies on Ground Two, explain why:     N/A

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:  Was not available for
direct appeal.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Petition for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:   238th District Court
of Midland Couty, Texas 79701

Docket or case number (if you know):   WR-53,458-02

AO 241 (Rev. 09/17)

Date of the court's decision:    11 January 2023

Result (attach a copy of the court's opinion or order, if available):    denied without written

order

(3) Did you receive a hearing on your motion or petition?              ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?         ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

No appeal allowed on post-conviction habeas corpus in Texas.

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :    N/A

**GROUND THREE:** Ineffective Assistance of Counsel - Trial counsel viola-
ted the effective counsel clause in the 6th/14th amendment of the Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel failed in giving any adversarial testing or important
mitigating factors, i.e. defendants PTSD diagnosis and the confusion
it causes him or calling on characture witnesses, at the sentencing
phase of trial.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:    N/A

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:    Appeal Counsel failed to present this issue.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Petition for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:    238th District Court of Midland County, Texas 79701

Docket or case number (if you know):    WR-53,458-02

Date of the court's decision:    11 January 2023

Result (attach a copy of the court's opinion or order, if available):    denied witout written order

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

No appeal allowed on post-conviction habeas corpus in Texas.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    N/A

**GROUND FOUR:** Ineffective Assistance of Counsel - Appeal counsel violated the effective counsel clause in the 6th/14th amendment of the Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appeal Counsel failed to present on direct appeal, trial counsels failure to provide any adversarial testing or give important mitigating factors, i.e. defendants PTSD diagnosis and the confusion it causes him or calling on characture witnesses, at the sentencing phase of trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why:    N/A

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:    Was not available for direct appeal.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Petition for Post-Conviction Relief

11 of 18

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: 238th District Court of Midland County, Texas 79701

Docket or case number (if you know): WR-53,458-02

Date of the court's decision: 11 January 2023

Result (attach a copy of the court's opinion or order, if available): denied without written order

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: No appeal allowed on post-conviction habeas corpus in Texas.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

GROUND FIVE:     Ineffective Assistance of Counsel - Trial Counsel the effective counsel clause in the 6th/14th amendment of the constitution.

(a) Supporting facts:

Trial counsel failed by not requesting a competenct hearing to suppress the police interrogation. Counsel was made aware long before trial of defendants P.T.S.D. obsessive compulsive, and panic disorders and how these disorders affect his consentration and cognative ability to communicate properly with other people. Investigator Robert Garcia stated that he noticed the inattentive-ness when he interrogated the defendant.

(b) If you did not exhaust your state remedies on Ground Five, explain why: N/A

(c) Direct Appeal on Ground Five:

(1) If you appealed from the judgement of conviction, did you raise this issue? No

(2) If you did not raise this issue in your direct appeal, explain why: Appeal counsel failed to present this issue.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes

Type of motion or petition: Petition for Post-Conviction relief.

Name and Location of the court where petition was filed: 238th District Court of Midland County, Texas 79701.

Docket or case number (if you know): WR-53,458-02

Date of the court's decision: 11 January 2023

Result (attach a copy of the court's oppinion, if available): denied without written order

(3) Did you receive a hearing on your motion or petition? No

(4) Did you appeal from the denial of your petition? No

(5) Did you raise this issue in the appeal? N/A

(6) Name and location of court where appeal was filed: N/A

(7) If you answered no to questions (d)(4) or (5) explain why you did not raise this issue: No appeal allowed on post-conviction habeas corpus in Texas.

(e) Other Remedies: N/A

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☒ Yes    ☐    No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:    N/A

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        No

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☐    Yes    ☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.    N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐    Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.    N/A

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    Jeff Robnett P.O. box 1583, Midland, Tx 79702

(b) At arraignment and plea:    same

(c) At trial:    same

(d) At sentencing:    same

(e) On appeal:    Mark Henry Dettman, 415 W. Wall, Suite 101 P.O. box 1499, Midland, Tx. 79701

(f) In any post-conviction proceeding:    pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:    N/A

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:    N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Actual Innocence; Mr. Luna has been seeking court ruling on a motion, to subpeona Duces Tecum C.P.S. records, which was filed on July 20, 2020. Mr. Luna has two letters of inquiry to the clerk/court, one on November 30, 2020 and another on March 26, 2021, in seeking an answer to the motion (with no

16 of 18

AO 241 (Rev. 09/17)

response). Mr. Luna has been diligently seeking these records since before his trial as the record will show. The Actual Innocence claim is directly connected to grounds one and two of this petition. These records are a vital key in proving Mr. Luna is innocent of this conviction.

Tolling:

Petition for Discretionary Refused - 12/11/2019

# 90 Days

Time starts tolling on this date - 3/18/2020

Motion for Subpoena Duces Tecum on - 7/3/2020

Time elapsed - 107 Days

107 Days from 365 Days leaves -- 258 Days

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Reverse and remand to trial court for new trial or refere to trial court for further evidentiary hearings.

or any other relief to which petitioner may be entitled.

N/A

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    June, 20, 23 (month, date, year).

Executed (signed) on    15 June 2023 (date).

David M. Luna

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

18 of 18